# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES RIVER INSURANCE
COMPANY,

    Plaintiff,

v.

SHEEHE & ASSOCIATES, P.A.;
PHILLIP J. SHEEHE; JOHANNA E.
SHEEHE; KAREN D. FULTZ;
FIRST PROTECTIVE INSURANCE
COMPANY d/b/a FRONTLINE
INSURANCE COMPANY,

    Defendant.
_____/

CASE NO:

## COMPLAINT

JAMES RIVER INSURANCE COMPANY ("James River") files suit against SHEEHE & ASSOCIATES, P.A., PHILLIP J. SHEEHE, JOHANNA E. SHEEHE, KAREN D. FULTZ, and FIRST PROTECTIVE INSURANCE COMPANY d/b/a FRONTLINE INSURANCE COMPANY, and alleges:

## NATURE OF ACTION

1. This action seeks a declaration under 28 U.S.C. § 2201 for the unremarkable proposition that misleading and defrauding clients is not covered under a lawyer's professional liability policy.

## JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

3. Venue is proper in this district because "a substantial part of the events … giving rise to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2). More specifically, the underlying action against the defendants is pending in circuit court in Seminole County, Florida.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. James River is an Ohio corporation with its principal place of business in Richmond, Virginia.

6. Sheehe & Associates, P.A., is a Florida professional association with its principal place of business in Florida, whose members are all Florida citizens.

7. Phillip J. Sheehe is an attorney of Sheehe & Associates, P.A., and a Florida citizen.

8. Johanna E. Sheehe is an attorney of Sheehe & Associates, P.A., and a Florida citizen.

9. Karen D. Fultz is an attorney of Sheehe & Associates, P.A., and a Florida citizen.

10. First Protective Insurance Company d/b/a Frontline Insurance Company ("Frontline") is a Florida corporation with its principal place of business in Florida.

11. Sheehe & Associates, P.A., Phillip J. Sheehe, Johanna E. Sheehe and Karen D. Fultz shall collectively be referred to as the "Sheehe Law Firm."

## THE UNDERLYING ACTION

12. On 10/09/2020, Frontline filed suit against the Sheehe Law Firm in the circuit court of Seminole County, Florida in Case No. 2020-CA-002453 (the "Underlying Action"). On 01/12/2021, Frontline filed its operative amended complaint. (*See* Am. Compl., attached as Exh. "A.")

13. In its action, Frontline explains that it "retains panel attorneys to provide legal services to Frontline throughout the State of Florida." (Am. Compl., ¶9.) The Sheehe Law Firm was panel counsel for Frontline from 2009 to 2020. (¶9.)

14. Frontline alleges that "during an internal review of various panel counsels' billing" conducted in early 2020, "Frontline discovered that there were significant problems with the Sheehe Law Firm's billing practices, especially with regard to the number of billable hours charged by the Sheehe Law Firm's attorneys and the total amount of fees charged by the Sheehe Law Firm." (¶13.)

15. Frontline maintains that the Sheehe Law Firm "actively concealed [its] over-billing and over-charging of unconscionable and excessive fees." (¶14.)

16. Frontline alleges it retained a consultant to sample the Sheehe Law Firm's billing practices. (¶15.) This investigation made several findings, including

"billing for time not actually worked, excessive billing of hours for various repetitive tasks, and billings for unproductive and administrative matters for which no time should have been charged to Frontline in the first instance." (¶15.) The consultant further discovered that several lawyers working for the Sheehe Law Firm, "on multiple occasions, recorded and billed <u>over 24 hours of work to Frontline in a single day</u>." (¶15.) In fact, the Sheehe Law Firm billed Frontline for over 24 hours a day, 469 times in 2019. (¶15.)

17.     In Count I, Frontline sues for Breach of Fiduciary Duty. Frontline alleges the Sheehe Law Firm operated "to mislead and defraud its clients, including Frontline." (¶20.) Frontline alleges the Sheehe Law Firm "recklessly, willfully and intentionally breached their fiduciary duties to Frontline" by: (1) favoring "their own interests over Frontline, with full knowledge that such action would cause economic loss and injury to Frontline, including but not limited to the payment of unreasonable, unconscionable and excessive fees;" (2) failing to ensure the legal services billed "were reasonable and necessary and advanced the best interest of Frontline;" and (3) billing Frontline for tasks that were "wholly unnecessary, duplicative, non-billable, grossly excessive, or for work that was not actually performed." (¶23.)

18.     In Count II, Frontline sues the individually named attorneys of the Sheehe Law Firm for Negligent Supervision. Frontline alleges the attorneys "knew, or in the exercise of reasonable care … should have known, that the Sheehe Law Firm attorneys submitted excessive, unreasonable, duplicate or inaccurate bills to Frontline and engaged in improper billing practices." (¶30.) As a result of this negligent

supervision, Frontline alleges it was damaged by "overpaying the Sheehe Law Firm for services that were not performed or improperly billed." (¶31.)

19.     In Count III, Frontline sues for Deceptive and Unfair Trade Practices. Frontline alleges the Sheehe Law Firm's actions "constitute unfair methods of competition, unconscionable acts or practices, and unfair deceptive acts or practices[.]" (¶35.)

20.     In Count IV, Frontline sues for Unjust Enrichment. Frontline alleges the Sheehe Law Firm was "unjustly enriched" because Frontline paid it fees based on "excessive, inaccurate and/or duplicative bills[.]" (¶40.)

21.     In Count V, Frontline sues for Breach of Oral Contract. Frontline alleges it verbally agreed to "provide the Sheehe Law Firm a high volume of legal work in return for the Sheehe Law Firm handling Frontline's matters in an efficient and cost-effective manner[.]" (¶42.) Frontline alleges the Sheehe Law Firm breached this agreement by failing to use paralegals for appropriate services; failing to use assistants for administrative tasks; handling files in a "cookie-cutter" fashion rather than on a case-by-case substantive basis; and rendering charges for "estimated" time and not actual time. (¶43.)

22.     In Count VI, Frontline sues for Fraud. Frontline alleges the Sheehe Law Firm made false statements" to Frontline, including the services billed to Frontline were actually provided; they were reasonable; they were necessary; and they represented the actual time incurred. (¶47.)

23. In Count VIII, Frontline sues for Breach of Florida's Consumer Collections Practices Act. Frontline alleges that despite having knowledge that unpaid invoices from the Sheehe Law Firm were illegitimate, the Sheehe Law Firm "continued to aggressively attempt to collect this illegitimate alleged debt, including threatening to sue Frontline and/or sending Frontline to collections." (¶64.)

24. On 10/27/2021, Frontline filed a notice of voluntary dismissal of Count VII (Legal Malpractice) of the amended complaint without prejudice. (*See* Notice of Voluntary Dismissal, attached as Exh. "B.")

## THE JAMES RIVER POLICY

25. James River issued a Lawyers Professional Liability Policy to the Sheehe Law Firm as the Named Insured, bearing Policy No. 00008964-15, and effective 03/23/2020 to 03/23/2021 (the "Policy"). (*See* Policy, attached as Exh. "C.")

26. The principal coverage form, Form PL0003US 04-12, provides in pertinent part:

SECTION I – COVERAGES

**1.   Insuring Agreement**

　　a.　We will pay on behalf of the "Insured" those sums in excess of the deductible the "Insured" becomes legally obligated to pay as "Damages" and "Claims Expenses" because of a "Claim" first made against the "Insured" and reported to us in writing during the "Policy Period" by reason of a "Wrongful Act" in the performance of or failure to perform "Professional Services" by the "Insured" or by any other person or entity for whom the "Insured" is legally liable. The "Wrongful Acts" must have been committed on or subsequent to the "Retroactive Date" specified in the Declarations and before the end of the "Policy Period".

    **b.**    **Defense and Settlement**

We shall have the right and duty to defend any covered "Claim" brought against the "Insured" even if the "Claim" is groundless, false or fraudulent. However, we will have no duty to defend the "Insured" against any "Claim" seeking "Damages" to which this insurance does not apply. …

SECTION II – DEFINITIONS

Defined terms are in quotation marks throughout this Policy and may be used in either the singular or plural, as appropriate. …

    B.    "Claim" means a written demand for monetary damages arising out of or resulting from the performing or failure to perform "Professional Services". …

    D.    "Damages" means any compensatory amount which you become legally obligated to pay as a result of a covered "Claim", including judgments, awards and settlements.

"Damages" shall not include:

(1) civil or criminal fines, penalties, sanctions, whether pursuant to law, statute, regulation or court rule;

(2) punitive and exemplary damages and the multiplied portion of multiplied damages;

(3) any matter, sum or award that is uninsurable under the law; or

(4) the cost to comply with an injunctive or other non-monetary or declaratory relief. …

    F.    "Insured" means the "Named Insured" and:

(1) any past, present or future principal, partner, officer, director, stockholder, trustee or employee of the "Named Insured" but only with respect to "Professional Services" performed on behalf of the "Named Insured"; …

    J.    "Professional Services" means those services performed by the "Insured" for others:

(1) as a lawyer, notary public or title agent;

    (2)    as an arbitrator, mediator or similar neutral;

    (3)    as an administrator, executor, conservator, receiver, guardian, escrow agent, trustee, or in any similar fiduciary capacity provided such services are performed in your capacity as a lawyer.

    (4)    as a member of a formal accreditation, ethics, peer review, licensing board, standards review board, bar association, or similar board or committee. …

SECTION III – EXCLUSIONS

This Policy does not apply to any "Claim" against the "Insured":

a.    Based on or directly or indirectly arising from:

    (1)    A "professional service" rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the "professional service" could give rise to a "claim"; …

c.    Based on or directly or indirectly arising out of the rights or duties under any agreement including disputes over fees for services; …

l.    Based on or directly or indirectly arising out of or resulting from:

    (1)    Any act committed with knowledge of its wrongful nature or with the intent to cause damage;

    (2)    The gaining by the insured of any personal profit, gain or advantage to which the insured is not legally entitled;

    (3)    Any criminal, fraudulent, or dishonest act. However, we shall defend such allegations against the insured if it involves a "claim" otherwise covered under the Policy until final adjudication; or

    (4)    Judgments or awards arising from acts or omissions deemed uninsurable by law; …

27.    The Policy also includes the following Duty to Defend Exclusion contained within the Combined General Endorsement (Form PL2101US 05-18):

**DUTY TO DEFEND**

Where there is no coverage under this policy, there is no duty to defend.

28. James River is currently defending the Sheehe Law Firm against the Underlying Action under a complete reservation of rights.

### COUNT I – NO COVERAGE UNDER INSURING AGREEMENT BECAUSE NO "PROFESSIONAL SERVICES" ALLEGED

29. James River incorporates paragraphs 1 through 28.

30. The Policy provides coverage for damages "because of a 'Claim' … by reason of a 'Wrongful Act' in the performance of or failure to perform 'Professional Services' by the 'Insured[.]'"

31. In the Underlying Action, Frontline sues the Sheehe Law Firm for "billing for time not actually worked, excessive billing of hours for various repetitive tasks, and billings for unproductive and administrative matters for which no time should have been charged to Frontline in the first instance." (¶15.)

32. Over-billing and over-charging a client does not constitute "Professional Services" covered by the Policy.

33. James River accordingly has no duty to defend or indemnify the Sheehe Law Firm in the Underlying Action.

### COUNT II – NO COVERAGE UNDER INSURING AGREEMENT BECAUSE NO "DAMAGES" ALLEGED

34. James River incorporates paragraphs 1 through 28.

35. The Policy provides coverage for sums the insured "becomes legally obligated to pay as 'Damages'[.]"

36. In the Underlying Action, Frontline sues the Sheehe Law Firm for "billing for time not actually worked, excessive billing of hours for various repetitive tasks, and billings for unproductive and administrative matters for which no time should have been charged to Frontline in the first instance." (¶15.)

37. Improperly-charged attorneys' fees do not constitute "damages" covered by the Policy.

38. James River accordingly has no duty to defend or indemnify the Sheehe Law Firm in the Underlying Action.

## COUNT III – NO COVERAGE UNDER PRIOR KNOWLEDGE EXCLUSION

39. James River incorporates paragraphs 1 through 28.

40. The Policy excludes coverage for any claim "based on or directly or indirectly arising from … [a] 'professional service' rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the 'professional service' could give rise to a 'claim'"[.]"

41. The Sheehe Law Firm was panel counsel for Frontline from 2009 to 2020. (¶9.)

42. Consequently, even if the insuring agreement was satisfied, there would still be no coverage to the extent any insured reasonably could have foreseen Frontline's claim prior the Policy's inception.

43. James River accordingly has no duty to defend or indemnify the Sheehe Law Firm in the Underlying Action.

## COUNT IV – NO COVERAGE
## UNDER THE FEE DISPUTE EXCLUSION

44. James River incorporates paragraphs 1 through 28.

45. The Policy excludes coverage for any claim "based on or directly or indirectly arising out of the rights or duties under any agreement including disputes over fees for services."

46. In the Underlying Action, Frontline sues the Sheehe Law Firm for "billing for time not actually worked, excessive billing of hours for various repetitive tasks, and billings for unproductive and administrative matters for which no time should have been charged to Frontline in the first instance." (¶15.)

47. Consequently, even if the insuring agreement was satisfied, James River has no duty to defend or indemnify the Sheehe Law Firm in the Underlying Action.

## COUNT V - NO COVERAGE
## UNDER THE WRONGFUL ACTS EXCLUSION

48. James River incorporates paragraphs 1 through 28.

49. Frontline alleges "[t]he Sheehe Law Firm is a sham professional association" that "was organized to mislead and defraud its clients, specifically Frontline." (¶7.)

50. The Policy excludes coverage for any claim "based on or directly or indirectly arising out of or resulting from … (1) Any act committed with knowledge of its wrongful nature or with the intent to cause damage; (2) The gaining by the insured of any personal profit, gain or advantage to which the insured is not legally entitled;

(3)  Any criminal, fraudulent, or dishonest act. …; or (4) Judgments or awards arising from acts or omissions deemed uninsurable by law."

51.  Consequently, even if the insuring agreement was satisfied, James River has no duty to defend or indemnify the Sheehe Law Firm in the Underlying Action.

## COUNT VI - NO COVERAGE UNDER THE DUTY TO DEFEND EXCLUSION

52.  James River incorporates paragraphs 1 through 28.

53.  The Policy provides "[w]here there is no coverage under this policy, there is no duty to defend."

54.  Consequently, even if the insuring agreement was satisfied, James River has no duty to defend or indemnify the Sheehe Law Firm in the Underlying Action.

## REQUESTED RELIEF

**WHEREFORE**, James River respectfully requests that this Court:

**a.**  Take jurisdiction and adjudicate the rights of the parties under the Policy;

**b.**  Declare that James River has no obligation to defend or indemnify the Sheehe Law Firm in the Underlying Action under the Policy;

**c.**  Award James River all attorney's fees, costs and expenses it incurred to defend the Sheehe Law Firm in the Underlying Action;

**d.**  Award James River all costs it incurred to prosecute this action; and

**e.**  All such other relief as the Court deems just and proper under the circumstances.

Dated: March 28, 2022                    Respectfully submitted,

<p style="margin-left: 40%">
<u>*/s/ Eric A. Hiller*</u><br>
**ERIC A. HILLER**<br>
Florida Bar No. 27920<br>
eric.hiller@kennedyslaw.com<br>
**JUNAID N. SAVANI**<br>
Florida Bar No. 88816<br>
junaid.savani@kennedyslaw.com<br>
<br>
Kennedys CMK LLP<br>
1395 Brickell Avenue, Suite 610<br>
Miami, Florida 33131<br>
T: 305.371.1111
</p>