UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES RIVER INSURANCE
COMPANY,

    Plaintiff,

v.                                                 Case No. 6:22-cv-613-WWB-DCI

SHEEHE & ASSOCIATES, P.A.,
PHILLIP J. SHEEHE, JOHANNA E.
SHEEHE and KAREN D. FULTZ,

    Defendants.
                                        /

**ORDER**

THIS CAUSE is before the Court on Defendants' Joint Motion to Dismiss (Doc. 21) and Plaintiff's Response in Opposition (Doc. 25).[1] For the reasons set forth below, Defendants' Motion will be granted in part.

**I.**    **BACKGROUND**

Defendant Sheehe & Associates, P.A. ("**Law Firm**") is a Florida law firm, which employs Defendants Phillip J. Sheehe, Johanna E. Sheehe, and Karen D. Fultz. (Doc. 10, ¶¶ 6–9). Plaintiff, James River Insurance Company, issued a Lawyers Professional Liability Policy ("**Policy**," Doc. 10-3), to the Law Firm, effective March 2020 to March 2021. (Doc. 10, ¶ 25). In October 2020, First Protective Insurance Company ("**Frontline**") sued Defendants in state court ("**Underlying Action**," Doc. 10-1) alleging claims for breach of

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

fiduciary duty, negligent supervision, violation of the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), unjust enrichment, breach of oral contract, and fraud.[2] (*See generally id.*). Plaintiff is currently defending the Law Firm in the Underlying Action pursuant to a reservation of rights. (Doc. 10, ¶ 28). Plaintiff filed this action seeking a declaration that it is not under a duty to defend or indemnify the Law Firm in the Underlying Action. (*Id.* ¶ 54).

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] *First Protective Ins. Co. v. Sheehe & Assocs., P.A.*, No. 2020-CA-002453-15-L (Fla. 18th. Cir. Jan. 12, 2021).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A party may also move to dismiss the claims against it for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

### III.  DISCUSSION

Defendants move to dismiss the Amended Complaint in its entirety. As to the duty to defend, Defendants argue that, based on the language of the Policy, at least two of the claims in the Underlying Action are covered claims for legal malpractice and Defendant's claimed exclusions do not apply. With respect to the duty to indemnify, Defendants argue that the issue is not ripe for adjudication until the Underlying Action is resolved. In response, Plaintiff contends it does not have a duty to defend and, because it does not have a duty to defend, it cannot have a duty to indemnify as a matter of law.

The parties' arguments regarding Plaintiff's duty to defend are not properly before the Court. Under Florida law, "[t]he central inquiry in a duty to defend case is whether the complaint [in the underlying action] alleges facts that fairly and potentially bring the suit within policy coverage." *Hallums v. Infinity Ins. Co.*, 945 F.3d 1144, 1149 (11th Cir. 2019) (quoting *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1292 (11th Cir. 2006)). This assessment naturally involves questions of contract interpretation. *See, e.g.*, *James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1255–58 (N.D. Fla. 2016); *Sigma Tech Sales, Inc. v. Travelers Indem. Co.*, No. 08-60772-CIV, 2009 WL 413514, at *3–4 (S.D. Fla. Feb. 19, 2009). However, "[t]he proper interpretation of [a contractual] provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim. Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment." *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008); *see also Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014) ("[T]he Court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment." (quotation omitted)). The parties argue at length about whether the allegations of the Underlying Action fall within the Policy, but such arguments are inappropriate at the motion to dismiss stage and are better suited for a motion for summary judgment. Accordingly, Defendants' Motion will be denied as to Plaintiff's duty to defend.

With respect to Plaintiff's duty to indemnify, this Court agrees with Defendants that this issue is not yet ripe. "[A]n insurer[']s duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit."

*Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015) (quotation omitted); *see also Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (affirming the district court's holding that the insurer's duty to indemnify the insured "is not ripe for adjudication until the underlying lawsuit is resolved"); *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."). Here, there is no indication in the Amended Complaint or Plaintiff's Response in Opposition that there has been a verdict, settlement, judgment, or admission of wrongdoing by Defendants. Thus, Plaintiff's duty to indemnify is not ripe for the Court's consideration and Defendants' Motion will be granted regarding Plaintiff's duty to indemnify. *See James River Ins. Co. v. Cantrell*, No. 6:19-cv-1398-Orl-41LRH, 2020 WL 3035237, at *3–4 (M.D. Fla. Mar. 26, 2020).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Joint Motion to Dismiss (Doc. 21) is **GRANTED in part**. Counts I through VI are **DISMISSED without prejudice** as to Plaintiff's claims regarding the duty to indemnify. As to Plaintiff's claims regarding the duty to defend, the Motion is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 27, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record